# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

PAMELA MARTINELLI,

*Plaintiff*,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant*.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Pamela Martinelli, by and through her counsel of record, McDermott Law, LLC, for her Complaint against Defendant Life Insurance Company of North America, states and alleges as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*

### I.  JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 29 U.S.C. §§ 1132(e)& (f).

3. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. § 1132(e)(2).

## II.   PARTIES

4.   Plaintiff Pamela Martinelli is and at all times pertinent hereto was a resident of the State of Colorado.

5.   Defendant Life Insurance Company of North America ("LINA") is a Pennsylvania insurance company, registered with the Colorado Division of Insurance and does business in the State of Colorado.

6.   Hunt Companies Business Services, LLC (Hunt Companies) is the sponsor and plan administrator of the Hunt Companies Services, LLC Long-Term Disability Plan (hereinafter "Plan") which is an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

7.   LINA issued group insurance policy number LK0963233 which provides long term disability insurance benefits to eligible employees of Hunt Companies (hereinafter "the Policy").

8.   Ms. Martinelli was an employee of Hunt Companies and, by virtue of her employment, was a "participant" in the Plan as that term is defined by 29 U.S.C. § 1002(7), and an insured under the Policy.

9.   Upon information and belief, LINA is the designated claim administrator for the long-term disability Plan and makes all determinations regarding claimants' eligibility for long-term disability benefits under the Policy.

10.   Defendant LINA, as the insurer and underwriter of this Policy, has an obligation to pay benefits under the terms of the Policy for all approved claims.

11.   If Ms. Martinelli is deemed entitled to disability benefits under the Policy, Defendant LINA is responsible for paying any benefits due under the Policy from its own funds.

12.   The ERISA statue provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Following Defendant's denial of her LTD claim, Plaintiff submitted an appeal as required.

13. Ms. Martinelli has exhausted her required administrative remedies and is entitled to seek the relief requested herein.

### III.     GENERAL ALLEGATIONS

14. Ms. Martinelli was previously employed by Hunt Companies as an Accounting Manager, until she was no longer able to work.

15. Since 2012, Ms. Martinelli has experienced a significant worsening and increased frequency of her migraine condition.

16. As a result of her medical condition, Ms. Martinelli ceased working at a full time capacity.

17. Ms. Martinelli's last day of full time work for Hunt Companies was May 7, 2013.

18. After completing the required elimination period, and in a timely manner, Ms. Martinelli presented a claim for LTD benefits under her employer's long-term disability (LTD) plan. Ms. Martinelli was assigned claim number 3132283.

19. The LTD Policy provides monthly LTD benefits in the amount of 66.67% of an insured's monthly pre-disability earnings, if a participant is "disabled," which is defined as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation; and
>
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience; and
>
> 2. unable to earn 60% or more of his or her Indexed Earnings.

20. By letter dated January 10, 2014, LINA, denied Ms. Martinelli's claim for LTD benefits claiming she did not meet the definition of disability.

21. The applicable Department of Labor regulation found at 29 C.F.R. 2560.503-1(g)(1)(iii) requires that the ERISA claims administrator, LINA, specifically provide to the denied claimant "[a] description of any additional material or information necessary for Ms. Martinelli to perfect her claim and an explanation of why such material or information is necessary."

22. LINA's denial notification letter did not contain comply with this regulation.

23. Plaintiff, through counsel, sent numerous requests to LINA (March 11, 2014, May 22, 2014 and June 12, 2014) requesting a description of the information and additional material necessary so that Plaintiff would know exactly how to "perfect" her claim. LINA failed to provide any further description.

24. Plaintiff's letters also repeatedly requested more detailed information concerning the physician reviewers hired by LINA to review Ms. Martinelli's claim and medical records. The opinions of these physician reviewers formed the basis of LINA denial of the claim its refusal to overturn the denial following the internal appeals of Plaintiff, despite the very clear opinions of Ms. Martinelli's treating physicians. Following its practice and procedure, LINA refused to respond to these requests.

25. By letter dated July 8, 2014, with the assistance of undersigned counsel, Ms. Martinelli filed an appeal of LINA's adverse benefit determination explaining and providing further evidence of her medical conditions, disabled status and restrictions and limitations in further detail. Plaintiff provided sufficient additional evidence that she suffered and continues to suffer from debilitating medical conditions.

26. Again, on August 29, 2014 on behalf of Plaintiff, the undersigned again requested LINA respond to her previous letters which requested information about the physician reviewers

retained or utilized by LINA due to a suspicion these individuals may be biased or otherwise not truly independent, which LINA continued to ignore and instead issued another denial decision.

27. Despite the evidence provided, LINA upheld its denial of benefits by letter dated August 29, 2014, relying almost exclusively on the opinion of an outside "independent" medical doctor, a doctor chosen by LINA for an independent medical review of Ms. Martinelli's medical records. In its letter, LINA claimed "based on the aforementioned medical assessment, the prior decision is unchanged and Ms. Martinelli's claim remains closed." LINA further advised a second appeal request was not required, but would be accepted.

28. In preparation for filing a second appeal, Plaintiff once again on September 2, 2014 and October 8, 2014, requested further documentation and information relating to LINA's denial of her claim for disability benefits in an effort to understand the true basis for LINA's denial. LINA did not provide a response to any of Plaintiff's requests.

29. By letter dated February 20, 2015, Ms. Martinelli filed a voluntary second level appeal of LINA's adverse benefit determination wherein she submitted additional evidence in support of her claim for LTD benefits.

30. By letter dated April 16, 2015, LINA issued its appeal determination advising Ms. Martinelli that "after completing our review of the claim, we must uphold our prior decision to deny the claim."

31. Defendant's initial denial of benefits and its failure to reverse the denial of benefits upon review of Plaintiff's claim constituted a failure to provide a full and fair review, was not substantially justified, was arbitrary and capricious, was unsupported by substantial evidence, constituted an abuse of any discretion allowed, and was wrongful under all the circumstances.

32. Since originally filing her claim with LINA in 2013, Ms. Martinelli has been and remains disabled as that term is defined by the Policy.

33. The evidence in LINA's claim files established that Ms. Martinelli continued to be disabled pursuant to the provisions of the Policy.

34. The evidence submitted to LINA establishes that Ms. Martinelli has met and continues to meet all of the Policy's conditions for long-term disability benefits. As such, Ms. Martinelli is entitled to benefits retroactive to November 4, 2013, and said benefits are due and owing through the date of judgment with interest due on all past-due payments.

35. In denying the LTD claim, LINA ignored all documentation and information it had available to it from Plaintiff, treating medical providers, and others showing that the Plaintiff was incapable of performing her occupation.

36. Defendant LINA's denial of LTD benefits is and has been in derogation of Plaintiff's rights by contract and pursuant to law.

37. Defendant LINA suffers from an institutional, structural conflict of interest as it decides whether the claimants, including Plaintiff, will receive benefits under the Policy thereby requiring LINA to pay those benefits.

38. LINA's decision to deny the insured LTD benefits was influenced by the financial gains to be achieved by not paying Plaintiff her monthly disability insurance benefits.

39. The claim determinations by LINA under the Policy are not entitled to deference because LINA acted in its own financial interests, and LINA does not have nor maintains the neutrality or objectiveness of a fiduciary under the circumstances.

40. The claim determinations by LINA are not entitled to deference because of serious procedural irregularities existing in the handling of Plaintiff's claim.

41. Under Colorado law, an insurance policy or plan that offers disability benefits may not contain a provision purporting to reserve discretion to the insurer, plan administrator, or claim

administrator to interpret the terms of the policy, contract, or plan or to determine eligibility for benefits. C.R.S. §10-3-1116(2).

42. The statute further provides an insurance policy shall provide that a person who claims disability benefits, whose claim has been denied in whole or in part, and who has exhausted his or her administrative remedies, shall be entitled to have his or her claim reviewed *de novo* in any court with jurisdiction and to a trial by jury. C.R.S. §10-3-1116(3).

43. By its terms, the Colorado statute "regulates insurance" (C.R.S. §10-3-1116(7)) and, as such, is saved from the preemptive effects of ERISA.

44. Given the applicability of C.R.S. §10-3-1116(3), LINA's adverse benefit decision should be reviewed by this Court under a *de novo* standard without any deference given to LINA's decision.

## IV.  CLAIM FOR RELIEF
### (Claim for Benefits Due – ERISA Section 502(a)(1)(B))

45. ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides a plan participant such as Plaintiff with a civil action to recover benefits due under the terms of a plan, to enforce her rights under the terms of the plan and/or to clarify rights to future benefits under the terms of a plan.

46. The evidence presented to defendants establishes that Ms. Martinelli has been continuously disabled under the terms of the Plan from the date benefits began through present. She is entitled to payment of the past-due long-term disability benefits available to her under the terms of the Plan.

47. At all relevant times, Ms. Martinelli has been entitled to long-term disability benefits under the Plan. By denying her claim for benefits, and by related acts and omissions, Defendant LINA has violated, and continues to violate, the terms of the LTD Plan.

48. Pursuant to 29 U.S.C. § 1132(g), Ms. Martinelli is entitled to an award of her reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant, and that the Court provide relief against Defendant as follows:

a) Declare that Plaintiff is disabled within the meaning of the Policy and is entitled to long-term disability benefits under the Defendant's Plan;

b) Order LINA to pay past-due long-term disability benefits to Ms. Martinelli from the date benefits became due through the date of judgment, together with statutory interest on each monthly payment from the date it became due to the end of the policy period;

c) Order the Defendant to pay Ms. Martinelli the costs of the suit herein, and reasonable attorneys' fees, pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

d) Determine and then declare that Ms. Martinelli is entitled to receive benefits for so long as she continues to meet the terms and conditions in the Plan for receipt of benefits; and

e) Provide such other and further equitable relief as this Court deems just and proper.

**Plaintiff Hereby Demands a Trial by Jury**

DATED this 17th day of June 2015

McDermott Law, LLC

*s/ Shawn E. McDermott*

Shawn E. McDermott, #21965
Dale G. Casares #45054
2300 15th Street, Ste. 200
Denver, CO 80202
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*
*dale@mcdermottlaw.net*

Plaintiff's Address:
Pamela Martinelli
PO Box 881
Erie, CO 80516-0881